# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT LOGAN BERRY, JR.,

    *Petitioner*,

vs.

WARDEN BAKER, *et al.,*

    *Respondents*.

3:17-cv-00659-HDM-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis*, on his motion (ECF No. 1-2) for appointment of counsel submitted with the petition, and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The Court finds that petitioner is unable to pay the filing fee. The pauper application will be granted, and the Court proceeds to initial review.

Petitioner Robert Berry challenges his Nevada state conviction, pursuant to a plea, of attempt to commit robbery and his sentencing as a habitual criminal.[1] He is serving a life sentence with parole eligibility after a minimum of ten years has been served. The state corrections department website inmate search information reflects that the sentence started on June 23, 2013, and that Berry currently is 49 years old.

---

[1] In addition to any materials available via online legal research, the Court takes judicial notice of the online docket records of the state appellate courts and its own record in No. 3:16-cv-00470-MMD-WGC, which includes state court record exhibits from petitioner's case. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The state appellate court online docket records may be accessed from: https://nvcourts.gov/Supreme/.

1       The original judgment of conviction was entered on September 17, 2013. Ultimately, on a timely state post-conviction petition, petitioner was granted an out-of-time appeal pursuant to Rule 4(c) of the Nevada Rules of Appellate Procedure. The Supreme Court of Nevada affirmed the conviction on October 19, 2015, in No. 66225 in that court. The ninety-day time period for filing a *certiorari* petition in the United States Supreme Court expired on Tuesday, January 19, 2016, after the Martin Luther King Jr. Day legal holiday.

      Under N.R.S. 34.726(1) and Rule 4(c)(5) of the Nevada Rules of Appellate Procedure, a state post-conviction petition filed within a year of the November 13, 2015, remittitur would be timely. The state court record exhibits filed by the respondents in the prior action in this Court in No. 3:16-cv-00470 did not reflect the filing of such a state court petition as of the December 1, 2016, filing of the exhibits.

      Review of the state appellate court's online docket records does not reflect that petitioner has filed any other proceedings in the appellate courts other than the prior direct appeal in No. 66225.

      Petitioner constructively filed a prior federal petition in this Court in No. 3:16-cv-00470 on or about August 4, 2016. The Court dismissed the petition without prejudice as completely unexhausted on September 26, 2017, on the respondents' unopposed motion to dismiss. Petitioner did not appeal the dismissal of that action.

      The present federal petition was mailed to the Clerk for filing on or about October 26, 2017. That date also was the last day on which petitioner could file a timely notice of appeal and/or seek other appropriate relief in No. 3:16-cv-00470 before the judgment became final and nonappealable. The current petition likely is untimely on its face standing alone.

      The present petition presents a claim potentially corresponding to the claim exhausted in the out-of-time direct appeal. Petitioner challenges whether Nevada could prosecute the crime in question because it allegedly was subject to exclusive federal jurisdiction because it occurred at a store owned by the Fallon Paiute-Shoshone Tribe and operated in Indian country. (ECF No. 1-1, at 3-4.) The Supreme Court of Nevada rejected a similar claim on direct appeal. (See No. 3:16-cv-00470, ECF No. 9-29, Exhibit 64.)

1    Taking into account the foregoing procedural history, the Court finds that appointment
2 of counsel would be in the interests of justice given the lengthy sentence and the potential
3 complexity of the procedural and substantive legal issues presented. The motion for
4 appointment of counsel accordingly will be granted.

5    IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in
6 forma pauperis* is GRANTED and that petitioner will not be required to pay the filing fee.

7    IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and
8 accompanying motion for appointment of counsel, that the motion for appointment of counsel
9 is GRANTED, and that the Clerk shall reflect the grant of the motion when docketing the
10 motion in a manner consistent with the Clerk's current practice for such matters. The counsel
11 appointed will represent the petitioner in all federal proceedings related to this matter,
12 including any appeals or *certiorari* proceedings, unless allowed to withdraw.

13    IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally
14 appointed as counsel and shall have **thirty (30) days** to undertake direct representation of
15 petitioner or to indicate to the Court the office's inability to represent petitioner in these
16 proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then
17 shall appoint alternate counsel. A deadline for the filing of an amended petition and/or
18 seeking other relief will be set after counsel has entered an appearance. The Court
19 anticipates setting the deadline for approximately one hundred twenty (120) days from entry
20 of the formal order of appointment. Any deadline established and/or any extension thereof
21 will not signify any implied finding of a basis for tolling during the time period established.
22 Petitioner at all times remains responsible for calculating the running of the federal limitation
23 period and timely presenting claims. That is, by setting a deadline to amend the petition
24 and/or by granting any extension thereof, the Court makes no finding or representation that
25 the petition, any amendments thereto, and/or any claims contained therein are not subject to
26 dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

27    IT FURTHER IS ORDERED, so that the respondents may be electronically served with
28 any papers filed through counsel, that the Clerk shall add state attorney general Adam P.

Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of the Court.

The Clerk further shall send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

The Clerk additionally shall provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED: November 13, 2017.

_____
HOWARD D. MCKIBBEN
United States District Judge